UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA LUCAS                         )
                                     )
    Plaintiff,                       )
                                     )
v.                                   )
                                     )   Civil Action No. 10-CV-2443 JWL/DJW
CIMARRON VALLEY RAILROAD, L.C.,      )
A Utah Limited Liability Company,    )
                                     )
    Defendant.                       )

## COMPLAINT

For his cause of action against defendant Cimmarron Valley Railroad, L.C., plaintiff alleges and states as follows:

1. This action is brought under the Federal Employers' Liability Act, 45 U.S.C. § 51, *et sequitur*.

2. Plaintiff Joshua Lucas resides at Rural Route 1, Box 110, Guymon, Oklahoma 73942.

3. Defendant Cimarron Valley Railroad, L.C. (hereinafter, "CVR") is a Utah Limited Liability Company with its principle place of business at U.S. Highway 56 Railroad Depot, Satana, Kansas 67870.

4. Defendant CVR is licensed to do business in the state of Kansas. CVR's registered agent in the state of Kansas is Henry Hale, U.S. Highway 56 Railroad Depot, Satana, Kansas 67870.

5. Defendant CVR is, and was at all times relevant herein, a corporation engaged in the operation of a system of railways as a common public carrier of freight for hire between the

various states of the United States, including Kansas, Colorado and Oklahoma, and engaged in interstate commerce by railroad.

6. Plaintiff's cause of action arose in the state of Kansas.

7. This Court has personal jurisdiction over defendant by reason of defendant's residence and contacts within this judicial district, and has subject manner jurisdiction pursuant to 45 U.S.C. § 56.

8. Venue before this Court is proper in the District of Kansas pursuant to 28 U.S.C. 1391(b) and 1391(c).

9. On September 10, 2007, plaintiff Joshua Lucas was employed by and working for defendant CVR as a laborer in CVR's Maintenance of Way department, and was engaged with defendant CVR in interstate commerce. Plaintiff's duties were in furtherance of interstate commerce and directly and substantially affected such commerce.

10. Plaintiff was injured on September 10, 2007, while plaintiff was employed by and was acting in the course and scope of his duties for defendant CVR.

11. Plaintiff's injuries and damages arise out of an incident that took place while plaintiff was removing railroad ties out of a roadbed near Hugoton, Kansas.

12. The weather conditions at the time of the subject incident were overcast and raining. The condition of the roadbed was muddy and slippery.

13. Plaintiff was assigned to work with another CVR employee to manually lift and move railroad ties from the roadbed.

14. Plaintiff was not provided any mechanical assistance to accomplish the task of lifting or moving the railroad ties.

15. As plaintiff and a co-worker were lifting a railroad tie, plaintiff's co-worker slipped in the mud and dropped his end of the tie. As a result, the shifted weight of the railroad tie pushed plaintiff, causing him to fall backwards onto the ground, and plaintiff was injured thereby.

16. Plaintiff's injuries and damages, as set forth in Paragraphs 17 and 18 of this Complaint, were caused in whole or in part by the following negligent acts and omissions of defendant CVR:

    (a) Defendant negligently failed to provide a reasonably safe place to work and reasonably safe conditions for work in that it failed to exercise ordinary care, when defendant knew, or should have known, that its failure to do so was reasonably likely to result in injury to defendant's employees, including plaintiff;

    (b) Defendant negligently failed to provide a reasonably safe place to work and reasonably safe conditions for work in that it required its employees, including plaintiff, to perform work requiring stable footing on a slippery, muddy slope, when defendant knew, or by the exercise of ordinary care should have known that requiring its employees to remove railroad ties under conditions that did not permit stable footing was reasonably likely to result in injury to defendant's employees, including plaintiff;

    (c) Defendant negligently failed to provide a reasonably safe place to work and reasonably methods of for work in that it required its employees, including plaintiff, to perform the work of removing railroad ties in a manner that was not reasonably safe, when

defendant knew, or by the exercise of ordinary care should have known that there were reasonably safe alternative methods of performing the task and that injury to employees of defendant, including plaintiff, was reasonably likely to result from the methods defendant required plaintiff to use;

(d) Defendant negligently failed to provide a reasonably safe place to work and reasonably safe tools for work in that it failed to provide plaintiff with the appropriate tools and mechanical assistance to perform the task of removing railroad ties when defendant knew, or by the exercise of ordinary care should have known that its failure to do so was reasonably likely to result in injury to employees of defendant, including plaintiff;

(e) Defendant negligently failed to provide a reasonably safe place to work and reasonably conditions for work in that it failed to develop and implement policies and procedures regarding requiring the use of mechanical assistance for the removal of railroad ties, when defendant knew, or by the exercise of ordinary care should have known that its failure to do so was reasonably likely to result in injury to employees of defendant, including plaintiff;

(f) Defendant negligently failed to provide a reasonably safe place to work and reasonably conditions for work in that it failed to train its managers and supervisory personnel to recognize that slippery and muddy conditions are unsafe for work that requires stable footing,

4

such as lifting and moving railroad ties, when defendant knew, or by the exercise of ordinary care should have known that its failure to provide such training was reasonably likely to result in injury to employees of defendant, including plaintiff;

17. As a direct and proximate result of the acts and omissions alleged herein, plaintiff Joshua Lucas has suffered personal injuries that are permanent and disabling, involving plaintiff's lower back and spine, with associated radiculopathy in plaintiff's lower extremities.

18. As a direct and proximate result of the acts and omissions alleged herein, plaintiff has suffered damages in the form of past and future medical expenses, past and future loss of income and earning capacity, past and future loss of fringe benefits, past and future loss of household services, and past and future physical pain and suffering.

WHEREFORE, plaintiff prays that he be awarded general and special damages in excess of $75,000 to compensate him for damages sustained as a result of the negligent acts and omissions of defendant, for his attorneys' fees and costs herein expended, for prejudgment and post-judgment interest, and for any other relief, both special and general, to which plaintiff may be justly entitled.

Plaintiff hereby demands a trial by jury. Pursuant to Local Rule 40.2, plaintiff hereby requests that the trial of this matter be held in Kansas City, Kansas.

Respectfully submitted,

HOLTSCLAW & KENDALL, L.C.

*/s/ Bradford C. Kendall*

Bradford C. Kendall, KS #78136
Rick D. Holtsclaw, KS # 23733
2029 Wyandotte Street, Suite 100
Kansas City, Missouri 64108
Telephone: (816) 221-2555
Fax: (816) 221-2508
brad@holtsclaw-kendall.com
rick@holtsclaw-kendall.com

And

Donald W. Vasos, KS# 06371
Vasos Law Offices
4400 Shawnee Mission Parkway
Suite 100
Fairway, Kansas 66205-2518
Telephone: (913) 362-4400
Fax: (913) 362-4244
dwv@vasoslaw.com

Attorneys for Plaintiff

6